**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 26, 2019

**BY ECF**

The Honorable Gabriel W. Gorenstein
Chief United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

     Re:    United States v. Therese Okoumou, 18 Cr. 469 (GWG)

Dear Judge Gorenstein:

    The Government writes to advise the Court that Therese Patricia Okoumou, the defendant, who, on December 17, 2019, was convicted on all counts in the above-captioned matter (the "Information") was arrested on February 20, 2019 for Criminal Trespass, a Class B Misdemeanor, in Travis County, Texas. The Affidavit for Warrant of Arrest and Detention (the "Affidavit") is attached hereto as Exhibit A. The Government understands that formal charges will be filed within the next few days.

    The Travis County arrest arose from the defendant's February 20, 2019 protest of federal immigration policy by climbing and hanging at least one banner on the Southwest Key Building, and for approximately eight hours refusing demands from the building's manager and from law enforcement to come down, until finally climbing down. The defendant was detained at Travis County Jail overnight and released on $15,000 cash or surety at approximately 11:45 a.m. on February 21, 2019.

    The Government respectfully requests, pursuant to 18 U.S.C. § 3148(b), that Your Honor schedule a bail revocation proceeding regarding Okoumou's release on bail in connection with the Information. In light of the allegations in the Affidavit, the Government avers that it can demonstrate during such proceeding that there is probable cause to believe that Okoumou committed a Federal, state, or local crime while on release in connection with the Information, *see* 18 U.S.C. § 3148(b)(1)(A), and either that there is no condition or combination of conditions that will assure that Okoumou will not flee or pose a danger to the safety of any other person or the community, *see* 18 U.S.C. § 3148(b)(2)(A), or that Okoumou is unlikely to abide by any condition or combination of conditions of release, *see* 18 U.S.C. § 3148(b)(2)(B). Because there is probable cause to believe that Okoumou committed a Federal, state, or local crime while on release, there is a presumption that no condition or combination of conditions will assure that Okoumou will not pose a danger to the safety of any other person or the community. *See* 18 U.S.C. § 3148(b).

Hon. Gabriel W. Gorenstein  Page 2
Chief United States Magistrate Judge

                                 Respectfully submitted,

                                 GEOFFREY S. BERMAN
                                 United States Attorney

                       By:  _____
                                 Brett M. Kalikow
                                 Assistant United States Attorney
                                 (212) 637-2220

cc: All Counsel of Record (via ECF)